NOR–CAL READY MIX, INC. d/b/a Antioch Rock & Ready Mix, Petitioner/ Cross–Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent/ Cross–Petitioner,

Machinists District Lodge 190, Local 1173, International Association of Machinists and Aerospace Workers, AFL–CIO and Operating Engineers Local Union No. 3, International Union of Operating Engineers, AFL–CIO, Intervenors.

Nos. 99–70944, 99–71156.
NLRB No. 32–CA–17406.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided April 30, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

The National Labor Relations Board ("Board") concluded that Petitioner Nor–Cal Ready Mix, Inc. ("Nor–Cal") violated sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 185(a)(5)

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and (1), by refusing to bargain with Machinists District Lodge 190, Local 1173, International Association of Machinists and Aerospace Workers, AFL–CIO (the "Machinists") and Operating Engineers Local Union No. 3, International Union of Operating Engineers, AFL–CIO (the "Operating Engineers"). Nor–Cal petitions for review, seeking to reverse the Board's order on the grounds that the Board improperly certified the Machinists and Operating Engineers as the collective bargaining representative of a bargaining unit of Nor–Cal mechanics and other employees (the "mechanics unit"). The Board cross-petitions for enforcement of its order. We have jurisdiction pursuant to 29 U.S.C. §§ 160(e) and (f), and we enforce the Board's order.

■ "Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees." *NLRB v. A.J. Tower*, 329 U.S. 324, 330, 67 S.Ct. 324, 328, 91 L.Ed. 322 (1946). Findings of the Board with respect to questions of fact are conclusive "if supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e) and (f). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

■ Nor–Cal contends that the Machinists and Operating Engineers were certified in error because threats made in the course of a contemporaneous organizing and election campaign by Teamsters Local 315 to represent Nor–Cal's cement truck drivers resulted in a coercive atmosphere in the Machinists/ Operating Engineers election. The Board found that the threats made by drivers to other drivers in the course of the Teamsters' campaign were not disseminated to mechanics unit employees and so could not have undermined the election in that unit. We have reviewed the record and conclude that the Board's finding of no dissemination is supported by substantial evidence on the record as a whole.

For the reasons set forth above, in No. 99–70944, the petition for review is DENIED, and in No. 99–71156, the petition for enforcement is GRANTED.